## Heim's Estate

*Esdras Howell*, for accountant.

SANDO, P. J., March 4, 1944.—The first and final account of John Greiner, Jr., executor of the estate of Ella L. Heim, deceased, was called for audit on Tuesday, January 11, 1944, and, pursuant to adjournment and after proceedings therein, was duly closed on February 24, 1944.

The decedent executed her last will and testament on March 2, 1943, and she died March 18, 1943, which was within one calendar month of the signing of the will, and we have been asked to determine the validity of the fifth paragraph of testatrix's will, which reads as follows:

"FIFTH: I give and bequeath unto St. John's Lutheran Church of Scranton, Pa., the sum of Three Thousand ($3,000.00) Dollars. This bequest is made by me in order to carry out the oft expressed wish of my deceased husband, in which I have always heartily concurred."

This provision in the will would seem to be in violation of the Act of April 26, 1855, P. L. 328, as amended by the Act of June 7, 1911, P. L. 702, and the Act of May 16, 1939, P. L. 141.

Section 1 of the Act of 1939 reads as follows:

"Any gift for religious or charitable uses hereafter made to take effect in possession or enjoyment at or after the death of the donor shall be void unless made at least thirty days before such death, and any promise hereafter made to give real or personal property for religious or charitable uses shall be unenforceable unless made at least thirty days before the death of the promisor. The thirty day periods provided for in this act shall be so computed as to exclude the first and include the last day thereof."

It is contended by counsel that the statement in the paragraph in question, "This bequest is made by me in order to carry out the oft expressed wish of my deceased husband, in which I have always heartily concurred", is evidence of a trustee relationship on the part of the decedent and that there was an oral trust between decedent and her husband that, whichever one survived the other, there would be a gift of $3,000 made to the St. John's Lutheran Church of Scranton, Pa., and that the act above recited does not apply to this particular gift for the reason that the gift under the will was only the confirmation of a trust which was already in existence by oral declaration between the decedent and her husband during their lifetime.

To prove the intention of the testatrix and her husband to create such a trust for the benefit of the church, counsel for the estate called two witnesses, the first being John Greiner, executor and accountant, who testified as to the relationship of both decedent and her husband to the St. John's Lutheran Church for over a period of 30 years, and also that the funds originally were those of Mr. Heim, and that joint bank accounts between husband and wife were created by Mr. Heim, and the witness testified that Mr. Heim specifically told him that it was understood between decedent and her husband that whoever should be the last to die should

make a substantial gift to St. John's Lutheran Church.

The second witness, Mary McNulty, a housekeeper and intimate friend of both Mrs. Heim and her husband since 1914, testified as to the deep regard and affection they both held for the said church, and that Mrs. Heim said that she had "faithfully promised" her husband that she would see that the $3,000 would be given to St. John's Lutheran Church, and Miss McNulty testified that Mrs. Heim made this statement many times after the death of her husband.

Under these facts and circumstances it is contended that an oral declaration of trust of the fund of $3,000 for the benefit of the St. John's Lutheran Church of Scranton, Pa., was made between the testatrix and her husband during their lifetime and that the act hereinbefore recited does not render the trust void.

In Hoffner's Estate, 161 Pa. 331, the testatrix, two days before she died, executed a will in which certain charitable bequests were made to St. John's Lutheran Church, Philadelphia, Pa., and in her will testatrix stated that:

"All of the above and foregoing bequests are to be in memory of my sister-in-law, Elizabeth B. Hoffner, who died February 12, 1888, in the 95th year of her age."

The residuary legatee under the terms of the testatrix's will claimed the bequest to the church was void under the Act of 1855, because it was not made within one calendar month before the death of decedent. In that case, under the terms of the will of Elizabeth B. Hoffner, her entire estate was given to her sister-in-law, Prudence Hoffner, the testatrix whose bequest was under question. Elizabeth had intended to give $1,000 to the church, but concluded afterward that the entire estate be given to her sister-in-law, Prudence Hoffner. It was testified that Elizabeth Hoffner stated she was sorry for what she had done, and

that Prudence Hoffner, after she learned that her sister-in-law, Elizabeth, wanted the money to go to the church, stated: "Elizabeth, I give you my word, if you tell me what you want done with that, I will put it where you want it . . . I will never use it."

In other words, Prudence Hoffner assured her sister-in-law, Elizabeth, that she would carry out her sister-in-law's wishes in regard to the charitable bequest to the church. Under these circumstances the court found that an oral trust had been created of the fund and that "neither the letter nor the spirit of the Act of 1855 is transgressed by sustaining the legacy".

It was held in Hoffner's Estate, 161 Pa. 331, at page 342, that:

"When one procures from another a gift of the whole of that other's estate, on a promise to give part of it at death for a special purpose, or to a particular individual, the fullfilment of the promise will be enforced in a court of equity, because to the moral obligation there is added the force of a legal one; the estate of the donor is parted with on the faith of the promise."

And the same case holds at page 343:

"This money goes to the church, not by the will, but because there is no valid will, when there ought to have been one; it is a right of the church, for whose benefit the promise was made, to insist on the fulfillment of the obligation in a court of equity, in whose hands is the fund and before whom are all parties in interest."

"When a person . . . orally or in writing explicitly or impliedly declares that he holds personal property . . . for another, he thereby constitutes himself an express trustee": Perry on Trusts and Trustees, sec. 86, p. 97.

We are of the opinion and so find that there was a sufficient declaration of trust made by the testatrix to entitle St. John's Lutheran Church of Scranton, Pa., to the sum of $3,000, which sum will be directed to be paid in the adjudication of the executor's account.